**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | | **3:21-CR-143** |
| | : | |
| **v.** | | |
| | : | **(JUDGE MANNION)** |
| **SUSAN MELISSA NICKAS and** | | |
| **JEREMY JOHNSON,** | : | |
| | | |
| **Defendants** | : | |

## MEMORANDUM

Before the court in this case with charges of drug trafficking conspiracy and distribution of illicit drugs resulting in death, are three pre-trial motions, (Docs. 77, 79 & 81), including one discovery motion, a suppression motion, and a motion to sever the trial with her co-defendant, filed by defendant Susan Melissa Nickas, ("Nickas"). The motions of defendant Nickas have been briefed and Exhibits have been submitted. For the reasons set forth below, the court will **GRANT IN PART** and, **DENY IN PART** the pre-trial discovery motion of defendant Nickas. The court will rule on Nickas' other two pending motions in separate Memoranda.[1]

---

[1]Nickas' co-defendant in the Indictment, Jeremy Johnson, also filed three pre-trial motions, namely, a suppression motion, a motion to sever the trial with his co-defendant, Nickas, and a motion *in limine*. (Docs. 94, 95 & 96). Johnson's motions will be addressed separately by the court. However,

## I.   BACKGROUND

On May 18, 2021, a grand jury charged Nickas and Johnson with two counts in an Indictment, to wit: Count 1, Conspiracy to Distribute Controlled Substances Resulting in Death, in violation of 21 U.S.C. §846 and §841; and, Count 2, Distribution of a Controlled Substance Resulting in Death, in violation of Title 21 U.S.C. §841(a)(1). (Doc. 1).

On May 26, 2021, Nickas and Johnson were arraigned, and they both entered pleas of "Not Guilty" to the charges. Johnson was ordered detained by the court and has remained detained at Lackawanna County Prison to the present time. Nickas was originally detained but was later released from custody pending trial by the court.

On May 17, 2022, Nickas filed her three pre-trial motions, (Docs. 77, 79 & 81), namely, a motion to sever her trial from Johnson's trial, a motion to suppress evidence and her statements, and a motion for a pre-trial disclosure timetable for discovery material under Fed.R.Crim.P. 16. Nickas concedes that the government has produced "several" discovery materials to date, but she seeks the court to order the government to produce additional material based on a timetable she proposes for pretrial disclosures, speculating that she and her counsel "believe[] that government counsel has withheld

---

to the extent that Johnson joins in Nickas' instant motion for the court to impose a discovery disclosure timetable, the court will address its decision as pertaining to both defendants.

production or not gathered for production" the following: information under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963), as well as *Giglio* material; copies of any recorded interviews of her co-defendant Johnson and any witnesses, including Kaleigh Watson; disclosure of all *Brady* impeachment information relating to the testimony of the government's witnesses, including Kaleigh Watson, as well as any information that may be admissible to impeach them under Fed.R.Evid. 608(b), (*see* Doc. 97-1); notice pursuant to Fed.R.Evid. 403 and 404(b) for the government to disclose all evidence of other or similar crimes, wrongs, or acts, allegedly committed by her or by her co-defendant to be used at trial; the names of each expert witness and related information who the government plans on calling to testify at trial; all witness statements required to be produced under Jencks, 18 U.S.C. §3500; certain witness interview memos and rough notes, particularly information regarding Kaleigh Watson, such as information "bearing upon Watson's alleged lack of memory, drug use, inconsistent statements"; the identities of witnesses the government expects to call in its case-in-chief; and a pre-marked copy of exhibits the government expects to use in its case-in-chief.

Nickas also appears to seek a time certain for the government to produce all of the co-conspirators and the overt acts it will attempt to prove at trial, as well as any information relevant to the drug trafficking conspiracy count, Count 1.

Nickas simultaneously filed her brief in support of her pre-trial discovery motion on May 17, 2022. (Doc. 82).

After being granted an extension of time, on June 15, 2022, the government filed its brief in opposition to Nickas' discovery motion. (Doc. 89).

On June 17, 2022, Nickas filed her reply brief in support of her discovery motion with an attached Exhibit. (Doc. 97).

The court conducted the final pre-trial conference, ("FPTC"), in this case on June 22, 2022, and the trial date is set for July 25, 2022.

The court will address Nickas' pre-trial discovery motion, (Doc. 81), in this Memorandum.[2]

## II.   DISCUSSION

Initially, Nickas, (Doc. 82 at 3), admits that "[t]o date, government counsel has made several discovery productions, a large production of material on or about June 11, 2021, and smaller supplemental productions in April and May 2022. (*See* Declaration in Support of Defendant's Motion as Ex. A – Ex. K). However, Nickas contends that a timetable is necessary for remaining discovery materials because:

> the government has alleged Ms. Nickas' participation in a drug
> trafficking conspiracy that existed in excess of a year and has not

---

[2]The court will issue a separate Memorandum with respect to Nickas' motion to suppress evidence and her statements made to investigators, and a separate Memorandum regarding Nickas' motion to sever her trial from Johnson's.

identified all of the coconspirators or the overt acts it will attempt to prove at trial. Defense counsel expects the proposed timetable to ensure a fair trial by preventing surprise and providing adequate time for the defense to review evidence, investigate, and attempt to interview unanticipated witnesses in advance of trial.

Nickas' detailed proposed disclosure timetable is set forth in her brief. (Doc. 82 at 8-9). Based on Nickas' proposed "Disclosure Schedule", the court will now address the specific discovery requests of the defendant, which are as follows:

1. **Written summaries of any [expert] testimony that the government intends to use under FRE 702, 703, or 705 during its case-in-chief at trial, (proposed deadline 28 days before trial).**

2. ***Brady* information, including (i) information to be used for impeachment, and (ii) including exculpatory/impeaching information found in a witness' statement (or the memo, rough notes, or memory of an agent who interviewed the witness), (proposed deadline 21 days before trial).**

3. **Written notice of "[e]vidence of any other crime, wrong, or act" the government intends to offer at trial under Fed.R.Evid. 404(b), (proposed deadline 14 days before trial).**

4. **Defendant's disclosures required by Fed.R.Crim.P. 16(b)(1), if the government has certified in writing that it has produced all items (of which the attorney for the government then knows,**

or through due diligence could know) required by Fed.R.Crim.P. 16(a)(1), all *Brady* information (exculpatory and impeaching), and notice of all evidence the government intends to introduce under Fed.R.Evid. 404(b), (proposed deadline 14 days before trial).

5. The identities of witnesses each party expects to call in its case-in-chief, (proposed deadline 14 days before trial).

6. A pre-marked copy of exhibits the government expects to use in its case-in-chief, (proposed deadline 14 days before trial).

7. A pre-marked copy of exhibits the defendant expects to use in [her] case-in-chief, (proposed deadline 7 days before trial).

8. Jencks Act/Fed.R.Crim.P. 26.2 statements of witnesses each party expects to call in its case-in-chief, (proposed deadline 7 days before trial).

9. Memoranda/reports and agent rough notes summarizing interviews/statements of government witnesses, (proposed deadline 7 days before trial).

10. Any of the above items of which the producing party did not know, or through due diligence could not have known, by the specified deadline, (proposed deadline promptly upon discovery).

At the outset, the court recognizes that the government has already provided Nickas and Johnson with "voluminous disclosure of evidence", which the government indicates, (Doc. 89 at 2), includes the following:

> The Government has to date essentially provided its entire investigative file, including all electronic communications in their entirety (mirror images) (e.g. cell phone, Facebook) obtained pursuant to search warrants and/or court orders, along with all certificates of authenticity. The Government has turned over all photographs, call detail records detailing GPS location data, additional other relevant GPS location data generated via employer software (TRIPS report), medical records, toxicology results, all lab reports, the defendants' recorded interviews, prison records, inmate prison/text communications, ambulance reports, bank records, guardianship documents, expert notices and reports, and other miscellaneous but not particularly relevant information. All physical evidence seized has been available to the defendant[s] for inspection.

The government is also cognizant of its duty to supplement the discovery materials it has already provided to the defendants "as the investigation continues and information becomes available [prior to the trial]."

Insofar as the government has made all of the physical evidence seized available to the defendants, and represents that "[a]ll tangible physical evidence has been continuously available for review since the time of arraignment", if the defendants and their counsel want to inspect the stated evidence, it is incumbent upon them to make the arrangement with the government before the trial.

In U.S. v. Yawson, 2014 WL 3401663, *1 (W.D. Pa. July 10, 2014), the court stated:

7

Generally, governmental disclosure of evidence in criminal cases is governed by Federal Rule of Criminal Procedure 16(a). The United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16(a)(1) "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994). As a general matter, these other areas are limited to the Jencks Act and materials available pursuant to the "*Brady* doctrine." *Id*.

Regarding Nickas' requests numbers 1, 2 and 4, above, the government responds, in part, as follows:

The government agrees that, for each trial witness, [it] will (to the extent that such files exist) review and disclose all criminal histories and/or any cooperation agreement with [it]. To the extent that any agreement exists, it will be disclosed. It is noted that much impeachment type material has already been disclosed by virtue of the nature of the discovery already provided to both defendants. However, to the extent the defendant requests the production of any and all impeachment-type *Brady* material, the Government agrees to provide the defendant with all known information that bears on a witness' truthfulness, bias or motivation to testify and/or assist the Government. This information, to the extent that it exists and is known to the Government, will be provided with the Jencks Act materials for each trial witness prior to the start of trial and in accordance with district policy.

With respect to the disclosure of evidence that may be used to discredit government witnesses, the government contends that this evidence "is not directly exculpatory as to a defendant's substantive guilt, and need not be disclosed in advance of trial."

The government also represents that defendants' statements which fall within the purview of Fed.R.Crim.P. 16 have already been disclosed, and

8

that all relevant photographs, videos, and audios related to the alleged acts that are within the government's custody have already been provided to the defendants with its Rule 16 disclosures.

In short, the court will **GRANT** Nickas' motion to the extent that it seeks full discovery under Rule 16 and direct the government to immediately provide both defendants with all material to which they are entitled under Rule 16, if it has not already done so. Moreover, as part of its continuing duty under Rule 16, the government is directed to provide the defendants with any additional discovery materials of which it becomes aware that has not yet provided to defendants and that contain relevant information pertaining to the charges against them.

With respect to Nickas' request number 5, the government states that to the extent the defendant seeks to have the government identify its witnesses, the court should deny any such requests since "the [criminal] discovery rules do not permit the defense to get the names of witnesses." (Doc. 89 at 10) (citing United States v. Mitchell, 540 F.2d 1163, 1166 (3d Cir. 1977). The court will deny Nickas' request for a copy of the government's witness list 14 days prior to trial. "It is well-settled that the Government is not obliged to provide a witness list in a non-capital case prior to trial, except as otherwise required by the *Jencks* Act relative to witness statements." U.S. v. Calloway, 2022 WL 897911, *2 (W.D. Pa. March 28, 2022) (citing United States v. Addonizio, 451 F.2d 49, 62 (3d Cir. 1972)). Moreover, the government states that "to the extent that it exists and is known, [it will]

9

provide impeachment material relating to its trial witnesses at the time that it discloses its Jencks Act materials for the witnesses." Further, the government states that with respect to Nickas' requests for information regarding agreements or promises between it and witnesses, this information, will be provided with the Jencks Act materials for each trial witness.

With respect to Nickas' request number 6 seeking a marked copy of the government's exhibit list, as in <u>Calloway</u>, 2022 WL 897911, *2, this court is not aware of any "authority suggesting that the Government is obligated to disclose a list of its intended exhibits." As such, Nickas' request for a copy of the government's exhibit list 14 days before trial will be **DENIED**.

Additionally, to the extent that Nickas requests the statements made by co-conspirators that were not yet provided to her, the court finds that this information does not fall under Rule 16 discovery and thus, the government is not required to provide such statements to defendant at this time. In U.S. v. Cheatham, 500 F.Supp.2d 528, 538 (W.D. Pa. 2007), the court stated "[d]istrict courts of the Third Circuit have consistently held that Rule 16 does not provide for the discovery of a co-conspirator's statement.") (citations omitted). The court in <u>Cheatham</u>, *id*. at 538-39, then "agree[d] with these courts and [found] that Rule 16 does not provide for the Government's production of a co-conspirator's statements to a defendant because such statements are not the defendant's own statement under Rule 16(a)(1)(A)."

Thus, insofar as Nickas' motion requests information that does not come under Rule 16(a), the defendant's requests for early or pre-trial disclosure, including for the statements made by co-conspirators, is **DENIED**. Rather, these requests constitute Jencks material which the government states it will provide to the defendants at the appropriate time pursuant to the provisions of the Jencks Act, 18 U.S.C. §3500.

In her requests for disclosure numbers 2 and 4, Nickas seeks the government to disclose certain *Brady/Giglio* material two and three weeks before trial.

The government represents that it is aware of its responsibilities under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963), and United States v. Giglio, 405 U.S. 150, 92 S.Ct. 763 (1972), regarding its trial witnesses and that it will comply with the mandates of those cases and their progeny. No doubt that under *Brady* the government has an obligation to disclose all evidence favorable to defendants, including both exculpatory evidence and impeachment evidence. *See* United States v. Moreno, 727 F.3d 255, 262 (3d. Cir. 2013). Also, it is clear that under *Giglio*, "the government must disclose materials that go to the question of guilt or innocence as well as materials that might affect the jury's judgment of the credibility of a crucial prosecution witness." United States v. Friedman, 658 F.3d 342, 357 (3d Cir. 2011). The government also has a continuing obligation to disclose any such evidence to defendants. "While the failure to timely disclose exculpatory evidence is not *ipso facto* reversible error so long as the defendant is not

'prevented by lack of time to make needed investigation,' exculpatory evidence nevertheless should be disclosed without undue delay." U.S. v. Yawson, 2014 WL 3401663, *2 (W.D. Pa. July 10, 2014) (internal citations omitted). The district court can direct when *Brady* material has to be disclosed to defendants. *Id*. (citation omitted).

The government states that "[it] presently is unaware of any such *Brady* material relating to [Nickas]. To the extent that the defendant requests the production of impeachment-type *Brady* material of the government's trial witnesses, the government states that "such information, to the extent that it exists, will be provided with the Jencks Act material for each witness prior to trial."

If the government is presently aware of any *Brady* exculpatory evidence relating to the defendants that was not already turned over to both defendants, the court directs the government to immediately provide such evidence to the defendants. If the government becomes aware of any *Brady* materials relating to either defendant in the future that has not been disclosed to them, the court directs the government to provide any such materials to defense counsel, if and when the government becomes aware of its existence.

With respect to the disclosure of credibility evidence regarding the government's witnesses and information that is material for impeachment purposes, that is information that Nickas could use on cross-examination to challenge the credibility of government witnesses, including the names and

12

addresses of witnesses and any promises made by the government for their cooperation, the court finds that "the requested information" is not "*Brady* material for that purpose" and, "would not need to be disclosed by the government under *Brady*." United States v. Higgs, 713 F.2d 39, 43 n. 5 (3d Cir. 1983). As such, the government is not required to disclose this information under *Brady*, and Nickas' request for its production 14 days prior to trial is **DENIED**.

Additionally, "[w]hile *Brady* impeachment material ordinarily need be disclosed only 'in time for its effective use at trial,' the Third Circuit Court of Appeals also encourages adherence to a long-standing policy of promoting early production of all types of *Brady* material 'to ensure the effective administration of the criminal justice system.'" Yawson, 2014 WL 3401663, *2 (internal citations omitted). Based on the facts of this case, the court will direct that the government provide the defendants with all of the *Brady* impeachment material at the appropriate time under the Jencks Act.

The government also indicates that to the extent any of Nickas' requests fall under *Giglio*, and it will provide such materials at an appropriate date.

There is no requirement in the Third Circuit that the government must provide defendant with *Giglio* material prior to trial. *See* United States v. Higgs, 713 F.2d 39, 43-44 (3d Cir. 1983). In this case, Nickas has failed to show a special need for the early disclosure of any of the requested information regarding the credibility of the government's witnesses. The

court recognizes that generally the government voluntarily discloses all *Giglio* material in its possession to the defendant three days prior to the trial testimony of each witness.

Thus, Nickas' motion for disclosure of exculpatory evidence and evidence bearing on the credibility of government witnesses, will be **GRANTED IN PART**, and **DENIED IN PART**, as specified above.

Nickas' request numbers 3 and 4 also seek disclosure of any evidence which falls under Federal Rules of Evidence 404(b) two weeks prior to trial. Nickas contends that under Rule 404(b), she is entitled to receive from the government pre-trial notice of any other crimes, wrongs, or bad acts involving her that it intends to introduce at trial.

In its brief in opposition, the government does not indicate whether it is seeking to introduce evidence of other bad acts or crimes under Rule 404(b) committed by either defendant which fall outside the scope of the conspiracy charged in Count 1 in this case. Also, to date, the government has not filed a written notice under Rule 404(b) with respect to either defendant. Thus, it appears that the government does not intend at this time to present any other evidence of prior bad acts of the defendants that would require disclosure. The court directs that if the government intends to offer any evidence at trial which falls under Rule 404(b), it provide the appropriate notice to the defendants by **July 15, 2022**.

The court also notes that it will allow the government to introduce evidence of bad acts that are intrinsic to the charged conspiracy in Count 1,

14

including defendants' alleged distribution of a controlled substance, as charged in Count 2.

Indeed, "[t]he Court may admit evidence relating to uncharged misconduct when the evidence is intrinsic to the charges at issue." U.S. v. Ligambi, 890 F.Supp.2d 564, 574 (E.D. Pa. 2012) (citing United States v. Green, 617 F.3d 233, 249–50 (3d Cir. 2010)). "[E]vidence is intrinsic if it 'directly proves' the charged offense", which includes an act that is part of the charged offense. *Id.* (citations omitted). Further, "uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime." *Id.* (citations omitted). Thus, any evidence of uncharged conduct of the defendants that is intrinsic proof of the elements of the conspiracy charge in Count 1 of the Indictment, such as evidence of the structure and history of the conspiracy, is admissible at trial. *See id.* Additionally, "[a]ll evidence of uncharged misconduct, which does not fall into the parameters of intrinsic evidence, may be admitted under Rule 404(b) ...." Id. at 578. Of course, "[e]ven if [evidence is] admissible under Rule 404(b), the Court must exclude evidence under Rule 403 where the probative value of the evidence is substantially outweighed by the risk of unfair prejudice." Id. at 579.

"The Rules of Evidence do not set forth a specific time frame within which the Government must provide Rule 404(b) evidence, "[r]ather, '[w]hat constitutes reasonable notice in advance of trial [pursuant to Rule 404(b)] is determined by the circumstances and complexity of the prosecution.'" United

15

States v. Buckner, 2020 WL 211403, *6 (M.D. Pa. Jan. 13. 2020) (citations omitted).

Based on the above, the court will direct the government to produce all Rule 404(b) evidence of which it is aware and that it intends to offer at trial, including evidence that is intrinsic to the conspiracy charge, by **July 15, 2022**, which constitutes reasonable notice in this case.[3]

Thus, Nickas' motion for a disclosure timetable with respect to evidence under Rule 404(b), will be **GRANTED** to the extent stated above.

Nickas' request under number 1 seeks the court to direct the government to provide her with its expert witness information pursuant to Fed.R.Crim.P. 16(a)(1)(G).

Rule 16(a)(1)(G) provides that "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." *See* United States v. Walker, 657 F.3d 160, 175 (citing United States v. Davis, 397 F.3d at 178 ("[T]he government must disclose, upon a defendant's request, 'a written

---

[3]As the court in Calloway, 2022 WL 897911, *3 n. 2, noted:

Objections as to the admissibility of any evidence sought to be introduced under Rule 404(b) are properly asserted during trial, not at the pretrial stage, Luce v. United States, 469 U.S. 38, 41 (1984), as it is preferable to resolve Rule 404(b) objections in conjunction with the factual context of the case. *See* United States v. Giampa, 904 F. Supp. 235, 284 (D. N.J. 1995).

16

summary of any testimony that the government intends to use.'")). Also, the summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed.R.Crim.P. 16(a)(1)(G). Rule 16(a)(1)(G) "is intended to provide the defendant with 'a fair opportunity to test the merit of the expert's testimony through focused cross-examination.'" U.S. v. McNeil, 2010 WL 56096, *7 (M.D. Pa. Jan. 5, 2010) (citation omitted). Further, "the purpose of this disclosure is to provide defendant with an opportunity to challenge the expert's opinion and qualifications." *Id*.

At the FPTC, the government indicated that it anticipates calling expert witnesses, including the experts who performed the analysis of the alleged controlled substances recovered in this case. Based on the government's representations at the FPTC as well as in the government's brief, (Doc. 89 at 2), stating that it has provided all "expert notices and reports", it appears that the expert reports, including reports for the drug analysis regarding the controlled substances charged in this case, have been produced to the defendants. Nickas does not dispute that the government has previously provided defense counsel with the laboratory reports analyzing the alleged controlled substances in this case. However, in her reply brief, (Doc. 97 at 2 n. 1), Nickas notes that her counsel "has received several CVs that do not appear to be accompanied by the 'written summary of any testimony'", as required.

Seemingly in response to Nickas' reply brief, the government filed on June 28, 2022 its notice and summary of expert testimony. (Doc. 101). In this notice, the government provides the names and summaries of the expert witnesses it expects to call at trial, as required by Fed.R.Crim.P. 16(a)(1)(F) and (G).

It appears that Nickas' request under number 1 is now largely moot. Nonetheless, the court directs the government to immediately provide the defendants with all of the relevant drug laboratory reports, if it has not already done so. The government is also directed to provide the defendants with the names of any additional expert witnesses, their credentials, and a summary of their testimony by **July 15, 2022**, if the expert was not included in the government's recent notice, (Doc. 101). Thus, Nickas' motion will be **GRANTED** to the extent stated with respect to her request number 1 for government expert witnesses' summaries of testimony that have not yet been provided.

Nickas moves for a schedule for early disclosure of Jencks material, *see* number 8, including the statements of the witnesses the government intends to call at trial, and she requests that the court order the government to provide her with such material seven days prior to the trial.

In U.S. v. Yawson, 2014 WL 3401663, *3, (W.D. Pa. July 10, 2014), the court explained the Jencks Act:

> The Jencks Act provides that after a government witness testifies, and upon motion by the defendant, the government must produce "any statement ... of the witness in the possession of the United States

which relates to the subject matter as to which the witness has testified." 18 U.S.C. §3500(b); United States v. Weaver, 267 F.3d 231, 245 (3d Cir. 2001). The purpose of Jencks disclosure "is to provide the defendant with an opportunity to review the witness's statements for any possible inconsistencies that he might use to impeach the witness." United States v. Maury, 695 F.3d 227, 248 (3d Cir. 2012). Pursuant to 18 U.S.C. §3500(a), "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." Accordingly, "the government has no obligation to produce Jencks material until the witness has testified." Maury, 695 F.3d at 248.

Thus, "there is no authority by which th[e] court can compel the government to provide Jencks Act statements prior to the time any government witness has testified on direct examination at trial." *Id*.; *see also* U.S. v. Grier, 2012 WL 5614087, *5 (W.D. Pa. Nov. 15, 2012) ("The plain language of the Jencks Act, 18 U.S.C. §3500, the overwhelming precedent ..., and our court of appeals well-settled position on the matter makes clear that the Court cannot mandate disclosure prior to the day on which the witness testifies at trial."); United States v. Bangaroo, 2017 WL 3495702, *17-18 (M.D. Pa. Aug. 15, 2017) (court held that "the case law makes clear that Defendant's request to supply the [Jencks] material [prior to trial] are premature, and cannot be granted."); United States v. Taylor, 2018 WL 1960669, *5 (M.D. Pa. April 26, 2018) (court denied defendants' requests for early disclosure of Jencks material since the court has no authority to compel the government to disclose such material before the Act provides).

19

The court in United States v. Johnson, 218 F.Supp.3d 454, 459 n. 3 (W.D. Pa. 2016), noted that with respect to "the government's disclosure of information that falls solely under the Jencks Act", "[i]t is well-settled that the plain language of the Jencks Act precludes a court from compelling the disclosure of Jencks Act material prior to the completion of a government witness' testimony on direct examination." (citing United States v. Hill, 976 F.2d 132, 140 (3d Cir. 1992); United States v. Murphy, 569 F.2d 771, 773 (3d. Cir.), *cert. denied*, 435 U.S. 955, 98 S.Ct. 1588 (1978)). The court also noted, *id.*, that "[a]lthough courts lack the authority to order the early disclosure of Jencks material, the Third Circuit nevertheless has endorsed and encouraged the government's prevailing practice of committing to disclose Jencks material prior to trial." (citing Murphy, 569 F.2d at 773; Hill, 976 F.2d at 140). Here, the government, (Doc. 89 at 8), represents that it will provide the defendants "with all known information that bears on a witness' truthfulness, bias or motivation to testify and/or assist the Government", including the prior criminal records, if any, and impeachment-type *Brady* material, of all government witnesses, along with the Jencks Act materials for each trial witness "prior to the start of trial and in accordance with district policy." Further, the government indicates that it will provide the defendants with "the reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating [this] case" with the Jencks Act material for each witness prior to trial.

As such, the court will **DENY** Nickas' request for a court imposed schedule for early disclosure of Jencks material, including any actual statements made by co-conspirators to the defendants. The court will only direct the government to disclose all Jencks material at the appropriate time in accordance with the Act, as specified above.

In number 9, Nickas seeks the court to direct the government to provide her with reports and agents' rough notes of interviews seven days before trial. To the extent that Nickas seeks an order requiring government agents "to retain and produce rough notes created during the course of the investigation", no doubt that the government has an "obligation to retain these materials". *See* Calloway, 2022 WL 897911, *2 (citing *United States v. Ramos*, 27 F.3d 65 (3d Cir. 1994)). Thus, the government is required to preserve any such notes, and to disclose this information in advance of trial with other Jencks Act material. *See id*. Thus, with respect to Nickas' request number 9, the court will **GRANT** her motion and "will order the government to retain all relevant rough notes and to produce them, along with other Jencks Act material." *Id*. However, Nickas' request for the court to impose a 7-day pre-trial time limit for this information is **DENIED**.

Finally, Nickas contends that her alleged participation in a drug trafficking conspiracy existed from January 2020 through March 2021, and, seemingly that the government has not identified all of the coconspirators or the overt acts it will attempt to prove at trial. Insofar as Count 1 charges that Nickas and Johnson conspired with each other and with "other persons",

Nickas also appears, in request number 8, to move for an Order directing the government, within seven days prior to trial, to disclose any statements made by co-conspirators that it intends to offer against her at trial under Fed.R.Evid. 801(d)(2)(E), the so-called "co-conspirator's exception" to the hearsay rule.

> The court in Grier, 2012 WL 5614087, *5, explained:
>
> Federal Rule of Evidence 801(d)(2)(E) provides an exception to the hearsay rule to admit into evidence statements of a co-conspirator made during the course of and in furtherance of a conspiracy. Before any such statement may be admitted, however, the proponent must establish by a preponderance of the evidence that (i) the conspiracy existed; (ii) both the defendant and the declarant were members of the conspiracy; and (iii) the statement was made in the course of the conspiracy and in furtherance of the conspiracy. United States v. McGlory, 968 F.2d 309, 333 (3d Cir. 1992). In determining whether the statement is admissible as a statement of a coconspirator, the court may consider the statement itself. Bourjaily v. United States, 483 U.S. 171, 181, 107 S.Ct. 2775 (1987).

"Due to the complexity of some conspiracies, it may be difficult, if not impossible, for the government to establish the conspiracy and the participation of the co-conspirators before seeking admission of a co-conspirator's statements." Grier, 2012 WL 5614087, *6 (citing United States v. Gambino, 926 F.2d 1355, 1360 (3d Cir.), *cert. denied*, 502 U.S. 956 (1991)). In such cases, "the co-conspirator's statements can be conditionally admitted into evidence, provided that the government establishes the existence of the conspiracy and each conspirator's participation therein before it closes its case." *Id*.

No doubt that this court's determination of whether a conspiracy existed only must be supported by slight evidence in order to admit co-conspirator statements. *See* United States v. Provenzano, 620 F.2d 985, 999 (3d Cir. 1980). Further, "[d]istrict courts of the Third Circuit have consistently held that Rule 16 does not provide for the discovery of a co-conspirator's statement." U.S. v. Cheatham, 500 F.Supp.2d 528, 538 (W.D. Pa. 2007) (citations omitted); U.S. v. Lewis, 511 F.Supp.3d 566, 579 (M.D. Pa. 2021) (holding that "[the] longstanding consensus of district courts within this circuit is that statements of coconspirators are not discoverable under Rule 16.").

The court also points out that "[w]ith regard to a charged conspiracy, [like Nickas and Johnson are charged in Count 1] it is not necessary for the government to disclose the precise details of the roles the defendant and his or her co-conspirators allegedly played in forming and executing a conspiracy, or all the overt acts the government will prove at trial in establishing the conspiracy." U.S. v. Mitchell, 2013 WL 12202650, *8 (W.D. Pa. May 6, 2013) (citations omitted). Further, "[i]t is [not] an element of 21 U.S.C. §846 ... that a defendant have committed an overt act in furtherance of the conspiracy." *Id.* at *20 (quoting United States v. Johnstone, 856 F.2d 539, 542 (3d Cir. 1988)). "In an indictment under 21 U.S.C. §846, it is not necessary 'to allege any specific act in furtherance of the conspiracy.'" U.S. v. Curtis, 2020 WL 3898983, *6 (M.D. Pa. July 10, 2020) (citation omitted). Additionally, "[a] conspiracy indictment need not allege every element of the underlying offense, but need only put defendants on notice that they are

23

charged with a conspiracy to commit the underlying substantive offense." Mitchell, 2013 WL 12202650, *20 (citation omitted).

Thus, based on its discretion and based on its knowledge of the facts of this case gleaned from the record, including the suppression motions and the Exhibits, the court will **DENY** Nickas' motion insofar as it seeks pre-trial disclosure of co-conspirator statements.

## III.   CONCLUSION

Accordingly, Nickas' pre-trial discovery motion for the court to impose deadlines for the disclosure of evidence, **(Doc. 81)**, will be **GRANTED IN PART** and **DENIED IN PART**, to the extent specified above. An appropriate Order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 8, 2022**
21-143-01

24