# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **3:CR-21-143** |
| **v.** | : | **(JUDGE MANNION)** |
| **JEREMY EDWARD JOHNSON and SUSAN MELISSA NICKAS,** | : | |
| | : | |
| **Defendants** | | |

# M E M O R A N D U M

Presently before the court are the motions for severance, (Doc. 77), filed by defendants Susan Melissa Nickas, ("Nickas"), and Jeremy Edward Johnson, (Doc. 95). Nickas and her co-defendant Johnson, are charged with two counts in an Indictment, to wit: Count 1, Conspiracy to Distribute Controlled Substances, (heroin and fentanyl), Resulting in Death, in violation of 21 U.S.C. §846 and §841; and, Count 2, Distribution of a Controlled Substance Resulting in Death, in violation of Title 21 U.S.C. §841(a)(1). (Doc. 1).[1] The alleged victim regarding the charges against the defendants is Joshua Kiernan, and his date of death is December 11, 2020.

---

[1]Since the complete procedural background of this case is stated in the court's July 8, 2022 Memorandum which addressed Nickas' motion for a discovery disclosure timetable, (Doc. 112), it is not repeated herein.

On May 17, 2022, Nickas filed her motion for severance pursuant to Fed.R.Crim.P. 14, with attached Exhibits, and she seeks the court to sever her trial from her co-defendant Johnson who is allegedly part of the same drug trafficking conspiracy as Nickas, and who is currently scheduled to jointly go to trial with Nickas. Nickas alleges that if the recorded statements of her co-defendant Johnson are used at trial by the government that implicate her, there may be issues pursuant to Bruton v. United States, 391 U.S. 123 (1968), requiring a severance of their trials. Nickas also alleges that she will be unduly prejudiced if her trial is not severed from her co-defendant's trial.

Nickas' pending motion has been fully briefed, and is now ripe for disposition. Based on the following, defendant Nickas' motion for severance, **(Doc. 77)**, will be **DENIED**, and she will be tried jointly with Johnson.

On June 17, 2022, Johnson also filed a motion to sever his trial from Nickas' trial under Fed.R.Crim.P. 14 and pursuant to Bruton, based upon co-defendant Nickas' recorded statements to Monroe County Detectives and a PSP Trooper on March 11, 2021, that mention him and that he believes the government intends to introduce at their trial. (Doc. 95). On July 1, 2022, Johnson filed his brief in support of his motion to sever. To date, the government has not yet responded to Johnson's motion, but since the government's response to Nickas' motion to sever

2

addresses Johnson's motion asserting the same basic rationale as Nickas' motion, the court will decide both motions in this memorandum.

Based on the following, defendant Johnson's motion for severance, **(Doc. 95)**, will also be **DENIED**, and he will be tried jointly with Nickas.

## I. FACTUAL AND PROCEDURAL HISTORY[2]

Nickas and Johnson are co-defendants in this case and they are scheduled to jointly go to trial on July 25, 2022. In their motions to sever their trials from each other, both defendants essentially request a severance as there becomes Bruton issues if the government seeks to introduce their respective recorded statements made to detectives during the investigation of Joshua Kiernan's death.

At this time, it is not yet clear if there are any Bruton issues with respect to either defendant. Nonetheless, it appears that there may be issues that arise since both defendants gave statements to detectives and since the government intends on introducing portions of these statements at trial.

---

[2]The factual background of this case is contained in the PSP Offense Report, (Doc. 79-5), and the Affidavit of Probable Cause in support of the March 11, 2021 search warrant for Nickas' cell phone data filed by Monroe County Detective Kim Lippincott, (Doc. 79-6). For present purposes only, this background, as averred in the Report and the Affidavit, is incorporated herein by reference.

## II.    LEGAL STANDARD FOR MOTION TO SEVER

The purpose of Rules 8(b) and 14 are "to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Bruton v. United States, 391 U.S. 123, 131 n. 6, 88 S.Ct. 1620 (1968). Federal Rule of Criminal Procedure 8(b) addresses the joinder of defendants and provides:

> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

The court in U.S. v. Adens, 2015 WL 894205, *1 (E.D. Pa. Feb. 27, 2015), stated "[w]hen multiple defendants are charged in a single case, as here, Rule 8(b) governs both the proper joinder of defendants and the proper joinder of offenses." (citing United States v. Irizarry, 341 F.3d 273, 287 (3d Cir. 2003)).

The court in U.S. v. Mayhams, 2018 WL 6524394, *4 (M.D. Pa. Dec. 12, 2018), discussed Rule 8(b) and explained:

> Rule 8(b) embodies the "the fundamental principle that the federal system prefers 'joint trials of defendants who are indicted together [ ]' because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" United States v. Urban, 404 F.3d 754, 775 (3d Cir. 2005) (quoting Zafiro v. United States, 506 U.S. 534, 537, 113 S. Ct. 933, 122 L.Ed. 2d 317 (1993) (alteration in original)). Under Rule 8(b), "[i]t is not enough that defendants are involved in offenses of the same or similar character; there must exist a transactional nexus in that the defendants must have participated in 'the same act or transaction, or in the same series of acts or transactions,' before joinder of defendants in a

4

multiple-defendant trial is proper." United States v. Jimenez, 513 F.3d 62, 82-83 (3d Cir. 2008) (citing Fed. R. Crim. P. 8(b); Irizarry, 341 F.3d at 287 n.4). Nevertheless, "[t]he mere allegation of a conspiracy presumptively satisfies Rule 8(b), since the allegation implies that the defendants named have engaged in the same series of acts or transactions constituting an offense." Irizarry, 341 F.3d at 289 n. 5 (quoting United States v. Friedman, 854 F.2d 535, 561 (2d Cir. 1988)).

However, [i]f joinder is improper under Rule 8, "the Court must order separate trials." Adens, 2015 WL 894205, at *2 (citing United States v. Walker, 657 F.3d 160, 170 (3d Cir. 2011)) ("Rule 8 requires severance where defendants were improperly joined.").

Even if defendants are properly joined under Rule 8, "the Court may sever defendants or offenses under Rule 14 '[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together.'" *Id*. (citing Fed.R.Crim.P. 14). Further, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id*. (quoting Zafiro, 506 U.S. at 539).

There is a "heavy" burden on the defendant to show "clear and substantial prejudice resulting in a manifestly unfair trial." *Id*. (quoting United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1991)). Additionally, "[e]ven when the risk of prejudice is high, less drastic measures than severance (such as limiting

5

instructions) 'often will suffice to cure any risk of prejudice.'" *Id*. (quoting Zafiro, 506 U.S. at 539). As such, "the appropriate question for the Court on a motion under Rule 14 is whether the jury can 'reasonably be expected to compartmentalize the evidence as it relates to the separate defendants in view of its volume and limited admissibility.'" *Id*. (quoting United States v. Serubo, 460 F.Supp. 689, 694 (E.D. Pa. 1978) ); *see also* Jones, 2016 WL 3067010, *26 ("Rule 14 provides the court discretion to order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires, if joinder of offenses appears to prejudice either the defendant or the government.") (citations omitted).

## III.  DISCUSSION

The court will first consider whether joinder of the two defendants is proper under Rule 8(b). Since multiple defendants are charged in the present case, the stricter standard of Rule 8(b), rather than the more permissive standard of Rule 8(a), governs the defendants' challenge to their joinder in a single trial. *See* Irizarry, 341 F.3d at 287; *see also* U.S. v. Green, 563 Fed.Appx. 913, 916 (3d Cir. 2014) ("In multi-defendant cases, we have held 'the tests for joinder of counts and defendants is merged in Rule 8(b)'") (citation omitted). In Green, *id*., the Third Circuit stated, "[t]o satisfy Rule 8(b)," "[i]t is not enough that defendants are involved in offenses of the same or similar character; there must exist a

6

transactional nexus in that the defendants must have participated in 'the same act or transaction, or in the same series of acts or transactions.'" (quoting United States v. Jimenez, 513 F.3d 62, 82-83 (3d Cir. 2008)).

Here, since the two co-defendants are charged in Count 1 of the Indictment, (Doc. 1), with conspiracy to distribute controlled substances, i.e., heroin and fentanyl, in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(C), resulting in death, over the same time period, i.e., from in or about January 2020, through March 2021, this weighs in favor of trying the defendants jointly. Further, the allegations in this drug trafficking conspiracy count against Nickas and Johnson are part of the same drug trafficking conspiracy scheme. In Count 2, the defendants are charged with aiding and abetting their respective co-defendant with the distribution of a controlled substance, resulting in death. Thus, the defendants are properly joined for trial under Rule 8(b). *See* Walker, 657 F.3d at 170; Mayhams, 2018 WL 6524394, *4 ("The Third Circuit observed in *Eufrasio* that Rule 8(b) expressly authorizes joinder of different substantive offenses under the umbrella of a single conspiracy charge.") (citing Eufrasio, 935 F.2d at 567). "Indeed, joinder of such coconspirators in a single charging document is encouraged, as the claim of conspiracy provides the requisite common link among defendants." Mayhams, 2018 WL 6524394, *4 (internal quotations and citations omitted).

As the court stated in United States v. Tutis, 167 F.Supp.3d 683, 693 (D. N.J. 2016), "any prejudice from a joint trial would be minimal, particularly because the Indictment alleges that Defendant [ ] and his co-defendants [ ] engaged in a single drug-trafficking conspiracy." The Tutis court pointed out that "acts committed by one co-conspirator in furtherance of the conspiracy become admissible against all co-conspirators." *Id*. (citations omitted). As such, "acts committed by one [co-conspirator] in furtherance of the conspiracy were admissible against the other [co-conspirators]." United States v. Hart, 273 F.3d 363, 370 (3d Cir. 2001).

Thus, the court finds that Nickas and Johnson can be tried together under Rule 8(b). *See* Mayhams, *supra*. *See also* United States v. Thompson, 219 F.Supp.3d 502, 507 (M.D. Pa. 2016) ("A conspiracy charge 'provides a common link and demonstrates the existence of a common plan' for purposes of Rule 8(b).") (citation omitted).

The court will now consider if Nickas and Johnson are entitled to severance under Rule 14. "Even though joinder was proper under Rule 8(b), severance may still be granted pursuant to Federal Rule of Criminal Procedure 14 if the potential prejudice outweighs the expense and time of separate trials that essentially retry the same issue." Mayhams, 2018 WL 6524394, *4 (citation omitted).

"To establish a violation of Rule 14, a defendant must show that the 'denial of severance would lead to clear and substantial prejudice resulting in a manifestly

unfair trial.'" U.S. v. Staton, 605 Fed.Appx. 110, 114 (3d Cir. 2015) (citation omitted). "A court should therefore grant a severance 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Id*. (citing Zafiro v. United States, 506 U.S. 534, 539–40, 113 S.Ct. 933 (1993)). Further, mere speculation and generalized allegations of prejudice by the defendant are insufficient. *Id*.

In their motions to sever, both defendants basically raise the following two reasons why they contend their trial should be severed from their co-defendant's: (1) undue prejudice since the jury is likely to find her/him guilty by association with her/his co-defendant; and (2 ) there may be Bruton problems if the government introduces the statements made by her/his co-defendant.

Nickas states in her brief that, "the government has indicated, …, that it may seek to introduce the statements of Nickas' codefendant, Mr. Johnson, at a joint trial" and that if "the government seeks to introduce Johnson's statements, Nickas wishes to preserve her right to move for severance under Bruton, …, and progeny."

In his motion, Johnson states that on March 11, 2021, Nickas was interrogated by detectives regarding this case and that she gave statements that, "if introduced at a joint trial would be in violation of Bruton, …, and its progeny." However, Johnson states that he "has not been notified what exact statements of

codefendant Nickas the Government intends to introduce at trial and therefore he lacks a specific basis for a motion for severance at this time." Thus, Johnson indicates that he is preserving "his right to move for severance under <u>Bruton</u> if applicable once [he] is notified of any statements of codefendant Nickas the Government intends to introduce at trial."

No doubt that Nickas and Johnson both gave statements to detectives during the investigation of this case. In fact, both defendants seek to suppress their statements. (*See* Docs. 79 & 94).

In its brief in opposition to Nickas' motion, the government recognizes that Nickas' motion is preemptory, just as the court finds Johnson's motion is. The government then contends that while Nickas argues that her case should be severed from Johnson because "she believes the Government will seek to introduce statements of [Johnson] against her at trial, in violation of <u>Bruton</u>, ..., "[t]he Government has no such intention." (Doc. 90 at 5). The government also states that "while Nickas and [Johnson] provided false statements and sought to protect the other, each made statements which have evidentiary value but do not violate <u>Bruton</u>, or can be testified to without violating <u>Bruton</u>." The government also contends that to the extent that it will seek to admit the statements of the co-defendants at trial, [defendants] should identify the portions of those statements

10

that give rise to potential <u>Bruton</u> issues", and "[it] may then redact such contents accordingly."

Finally, the government, (Id. at 6), represents as follows:

Any testimonial statement of a co-defendant that implicates the <u>Bruton</u> rule that is offered during trial can be and will be redacted to comply with <u>Bruton</u>. In this case, there are few such statements. The Government will not admit any statements of [either defendant's co-defendant], or will only admit statements in a redacted manner that complies with Supreme Court and Third Circuit decisions applying <u>Bruton</u>.

At this point, the court finds that the reasons offered by both defendants do not warrant severance of her/his trial from her/his co-defendant. The court finds that the defendants have failed to satisfy the "heavy burden" to show that they are entitled to a separate trial. *See* [United States v. Madera, 2019 WL 2509896, at *3 (M.D. Pa. June 14, 2019)](#) (court denied defendant's motion for severance since "Defendant has not made the requisite showing in that he provides merely conjecture and conclusory statements regarding the denial of access to co-defendant exculpatory statements, guilt by association, and potential *Bruton* problems."). The defendants have also failed to "pinpoint clear and substantial prejudice" from the joinder of her/his trial with her/his co-defendant. [United States v. Thompson, 219 F.Supp.3d at 507](#) (citation omitted).

At best, the defendants have only shown that "severance [may increase] [her/his] chances of acquittal" which is not sufficient. [McGlory, 968 F.2d at 340](#). In [Staton, 605 Fed.Appx. at 115](#), the court stated that "a defendant is not entitled to

a severance merely because evidence against a co-defendant is more damaging than the evidence against the moving party." (quoting Lore, 430 F.3d at 205). Nor has either defendant made a showing that the jury will not be able to compartmentalize any evidence against him/her regarding the drug trafficking charge they face. *See id.* Additionally, the court will instruct the jury to "separately consider the evidence against each defendant on each of the offenses charged" and, it will tell the jury that its "decision on any one defendant or any one offense ... should not influence [its] decision on any of the other defendants or offenses." *Id*. As the Third Circuit stated, *id.,* "[j]urors are presumed to follow [the court's] instructions." (citation omitted). *See* Zafiro, 506 U.S. at 538-39 ("Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.")).[3]

---

[3]The court will also give the jury Third Circuit Model Jury Instruction §3.15, Separate Consideration: Multiple Defendants Charged With Different Offenses, in order to reduce any prejudice to the defendants. Additionally, the court will give the jury detailed instructions regarding a conspiracy as charged in Count 1 of the indictment in this case, such as Third Circuit Model Criminal Jury Instructions, §6.18.371C, §6.18.371D (Membership in the Agreement: The government need not prove that a defendant knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning, and the government does not have to prove that the defendant played a major or substantial role in the conspiracy.), §6.18.371E, §6.18.371G, §6.18.371I, and §6.18.371K (The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.).

Finally, insofar as the defendants argue that they should be granted a separate trial based on the Confrontation Clause, they have not specified any incriminating statements made by their co-defendant that may be used against them. At the outset, since defendants "present[] nothing more than speculation about potential *Bruton* issues, [] that does not provide a reason for severance." Mayhams, 2018 WL 6524394, *6; Madera, *supra*. Thus, "[a]s this matter presently stands ... there is no *Bruton* issue and therefore no reason to grant a severance pursuant to *Bruton*." *Id*. (citation omitted).

"In Bruton v. United States, 391 U.S. 123-24, 88 S.Ct. 1620 (1968), the Supreme Court held that the introduction of a non-testifying defendant's out-of-court statement, which directly implicated his co-defendant by name, violated the Confrontation Clause right of the co-defendant." U.S. v. McLaughlin, 2013 WL 996266, *5 (M.D. Pa. March 13, 2013). As mentioned, neither defendant appears to be certain if a *Bruton* problem actually exists in this case.

While "a *Bruton* violation can occur if a statement is admitted into evidence at trial that on its face incriminates the objecting defendant", McLaughlin, 2013 WL 996266, *8 (citation omitted), here, the defendants fail to specifically identify any such statements.

Additionally, if either co-defendant testifies against the other defendant, the non-testifying defendant will have her/his 6th Amendment right of confrontation

13

since she/he will be able to cross-exam the co-defendant at trial. As such, even though each defendant gave statements to detectives, if one or both of the defendants testify at trial, then their entire statements may come into evidence. Their respective co-defendant's confrontation rights would not be implicated, because their attorneys will have the opportunity to challenge the credibility of the testifying defendant's statement on cross-examination, thus alleviating any prejudice.

Further, the government recognizes that if neither defendant testifies at trial, any testimonial statement of a co-defendant that implicates the Bruton rule that is offered during trial will be redacted to comply with Bruton.

Indeed, in U.S. v. Bhimani, 492 F.Supp.3d 376 (M.D. Pa. 2020), the court considered the government's motion *in limine* to allow the post-arrest statements one defendant made that implicated his co-defendants. The defendants opposed the motion and argued that they would be prevented from confronting their co-defendant in violation of the Sixth Amendment and the Supreme Court's decisions in Bruton v. United States, and Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004). The court in Bhimani, *id.* at 385, stated, "the Supreme Court subsequent to Bruton clarified that the Confrontation Clause is not violated by the admission of a non-testifying co-defendant's confession with a proper limiting

14

instruction and redaction of the co-defendant's statement." (citing McLaughlin, 2013 WL 996266, *3 .

The court in Bhimani also held that the co-defendant's post-arrest statements to the TFO's during his interrogation were testimonial in nature. *Id.* at 386 (citing Crawford, 541 U.S. at 52, 68, 124 S.Ct. 1354 (holding that statements to police interrogator are testimonial); U.S. v. Campbell, 507 Fed.Appx. 150, 154 (3d Cir. 2012) (defendant's statements could be "considered testimonial if they were 'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'")). As such, the defendants' statements to detectives in this case appear to be testimonial in nature.

In short, the court will require the government to provide any statements of either defendant before it seeks to admit such statement at trial so that the court will be able to review the statement and determine whether it can be redacted or whether it is inadmissible. "Under these circumstances, any potential prejudice [to either Nickas or Johnson] arising from a joint trial will be alleviated." Mayhams, 2018 WL 6524394, *6.

Therefore, in balancing "the potential prejudice to the defendant[s] against the advantages of joinder in terms of judicial economy", which the court must do,

Tutis, 167 F.Supp.3d at 692, the court finds that a joint trial for the two co-defendants is appropriate.

However, as requested by Nickas in her reply brief, (Doc. 98 at 3-4), the court will direct the government to give defendants advance notice, by July 15, 2022, of any statements that either defendant made to law enforcement authorities which the government intends to introduce into evidence in its case-in-chief which names or mentions her/his co-defendant, and to provide a copy of that statement(s) to counsel for the non-declarant defendant along with a proposal for the redaction of the statement(s) in order to alleviate any potential Bruton issues. The defendants shall have until July 20, 2022, to submit, in writing, any objections they have to the redacted statement(s) of her/his co-defendant which implicates them that the government will seek to introduce at trial. The court will then resolve any issues prior to the admission of any such statement(s) in order to ensure that any statement(s) falls within the requirements of Bruton.

### IV.    CONCLUSION

For the aforementioned reasons, Defendant Nickas' motion for severance of her trial from her co-defendant Johnson, **(Doc. 77)**, is **DENIED**. Defendant Johnson's motion for severance of his trial from his co-defendant Nickas, **(Doc.**

**95)**, is **DENIED**. Both defendants will be tried jointly on July 25, 2022. An appropriate Order follows.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Court**

**Dated: July 8, 2023**
21-143-02